**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:04 pm, Mar 15, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: ) | Chapter 13 Case |
| ) | Number <u>10-11991</u> |
| TERENCE F. CASTLEBERRY, ) | |
| ) | |
| Debtor ) | |

## OPINION AND ORDER

Before the Court is a motion for turnover filed by Terence F. Castleberry ("Debtor") seeking an order requiring the Chapter 13 Trustee ("Trustee") to turnover non-exempt insurance proceeds acquired post-confirmation due to an automobile accident.[1] This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E) and the Court has jurisdiction under 28 U.S.C. §1334. For the following reasons, Debtor's motion is granted.

## FINDINGS OF FACT

Debtor filed a chapter 13 bankruptcy petition on August 31, 2010. Debtor's plan valued his 2005 GMC Sierra pick-up truck (the "Truck") with 180,000 miles at $12,000.00. Dckt. No. 1, Sch. B. On Schedule D, SRP Federal Credit Union ("SRP") is listed as a

---

[1] Initially at the hearing, Debtor sought these funds as part of a substitution of collateral, however, after the Trustee consented to such a disbursement in order to purchase a vehicle, Debtor requested the turnover of the funds outright contending such funds were not property of the bankruptcy estate.

secured creditor with loans totaling $22,000.00. Dckt. No. 1, Sch. D. Initially, no exemption in the Truck was claimed on Schedule C. Dckt. No. 1, Sch. C. Debtor's Chapter 13 Plan was confirmed on November 3, 2010. Debtor is current in his plan payments to the Trustee.

On or about September 7, 2012, Debtor was involved in an automobile accident and the Truck was destroyed. Prior to the accident, SRP received distributions from the Trustee of more than $22,000.0 substantially reducing its claim at the time of the accident to approximately $1,600.00.[2] After the accident, Debtor's insurance company satisfied SRP's small outstanding balance and the excess proceeds of $10,339.96 were tendered to the Trustee. The insurance policy has not been submitted into evidence; however, the parties concede SRP was the loss payee on the insurance policy and its liens on the Truck have been fully satisfied. Thus, SRP has no interest in the remaining proceeds.

On October 11, 2012, Debtor amended Schedule B, listing a claim against the Trustee for turnover of insurance proceeds in the amount of $10,339.96 and he amended his Schedule C exempting $9,060.00 of the claim. Dckt. No. 34, Amended Schs. B and C. The

---

[2] In his Motion, Debtor states that he believes SRP was paid approximately $1,600.00 by his insurance company.

2

Trustee has remitted $9,060.00 to Debtor which is the amount exempted by Debtor, but objects to Debtor's motion to turnover the remaining $1,279.69 because it exceeds Debtor's allowed exemptions.

Debtor seeks turnover of the remaining non-exempt proceeds, arguing since the Truck revested in him at confirmation, the proceeds are for property damage and serve as substitute collateral for the Truck and thus belong to him and not his bankruptcy estate. At the hearing on Debtor's motion for turnover, the Trustee conceded the Truck had revested in Debtor; however, the Trustee argues since the automobile accident occurred post-confirmation, the insurance proceeds for property damage did not revest and therefore, the non-exempt proceeds from that claim are property of the estate.

### CONCLUSIONS OF LAW

The issue is whether the non-exempt insurance proceeds for property damage are property of the bankruptcy estate or whether the excess proceeds should be turned over to Debtor. This analysis involves the interplay of 11 U.S.C. §1306 (defining property of the estate in a chapter 13) with 11 U.S.C. §1327 (providing for the revesting of property of estate at confirmation).[3] The Court must

---

[3] 11 U.S.C. §1306 provides in pertinent part:

a) Property of the estate includes, in addition to the

3

apply the estate transformation approach as defined in Telfair v. First Union Mortg. Corp., 216 F.3d 1333 (11th Cir. 2000) where the Eleventh Circuit found "while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." Telfair, 216 F.3d at 1340. Under Telfair, when Debtor's chapter 13 plan was confirmed, the only property that remained property of the bankruptcy estate was the portion of Debtor's post-petition earnings that were necessary to the fulfillment of the plan. Furthermore, the confirmation order provides "[p]roperty of the estate revests in the Debtor upon confirmation pursuant to 11 U.S.C. Section 1327." Dckt. No. 28, Plan, ¶6.

---

property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first. . . .

11 U.S.C. §1327 provides in pertinent part:

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

4

More recently the Eleventh Circuit further explained that proceeds stemming from a personal injury claim as the result of a post-confirmation automobile accident did not exist at the time of confirmation and therefore were property of the bankruptcy estate. Waldron v. Brown (In re Waldron), 536 F.3d 1239, 1242 (11th Cir. 2008). The Court explained:

> [W]e did not address in Telfair entirely new property interests acquired by the debtor after confirmation and unencumbered by any preexisting obligation. We instead stated that 'confirmation returns so much of that property to the debtor[ ],' and 'that property' referred to the property of the debtor placed in the control of the bankruptcy court when the debtor filed his petition. . . . New assets that a debtor acquires unexpectedly after confirmation by definition do not exist at confirmation and cannot be returned to him then.
>
> . . .
>
> While the case is pending, the post-petition property . . . [is] added to the estate until confirmation, the event that triggers [section] 1327(b) and "vests" the property of the estate in the debtor. That is, the property interests comprising the pre-confirmation estate property are transferred to the debtor at confirmation, and this "vesting" is free and clear of the claims or interests of creditors provided for by the plan, [section] 1327(b), (c). Finally, the property of the estate once again accumulates property by operation of [section] 1306(a) until the case is "closed, dismissed, or converted."

5

Id. at 1242-43 citing City of Chicago v. Fisher (In re Fisher), 203 B.R. 958, 962 (N.D. Ill. 1997).

In the current case, Debtor argues because the Truck revested in him at confirmation, the insurance proceeds are a substitution for the Truck and belong to him. Given these facts and circumstances, I agree. Unlike the proceeds in Waldron, these proceeds are not a new asset but rather serve as a substitute for the collateral.

The insurance policy was not submitted into evidence, but the parties agree SRP was the loss payee and has been satisfied so there is no dispute as to whether the secured creditor is entitled to the remaining insurance proceeds. See Ford Motor Credit Co. v. Stevens (In re Stevens), 130 F.3d 1027, 1030 (11th Cir. 1997)(insurance proceeds arising from the destruction of a vehicle act as a substitute for the vehicle and the Eleventh Circuit held that the secured creditor was entitled to the proceeds in the amount of their bifurcated secured claim as determined by the confirmed the plan); In re Huff, 332 B.R. 661 (Bankr. M.D. Ga. 2005)(determining creditor's interest in proceeds and holding that terms of the confirmed plan dictate distribution of the insurance proceeds); In re Robinson, 2003 WL 1728414 *2 (Bankr. S.D. Ga. March 14, 2003)(determining creditor entitled to proceeds where debtor had no

6

interest in them under the insurance policy); In re McCauley, 173 B.R. 453 (Bankr. M.D. Ga. 1994)(holding creditor was not entitled to apply insurance proceeds in excess of its secured claim to its unsecured claim and proceeds would be turned over to debtor).

The Trustee points to the language in Stevens, which states "[w]here the debtor has an interest in the insurance proceeds, however, the proceeds are considered property of the bankruptcy estate and distribution of the proceeds is governed according to the terms of the bankruptcy plan." Id. at 1029; see also In re Jones, 2004 WL 2191692 *2 (Bankr. S.D. Ga. June 4, 2004)(requiring insurance proceeds in excess of the creditor's secured claim and the debtor's exemptions to be distributed under the terms of the confirmed plan). The Trustee also relies upon the case of Barbosa v. Solomon, 235 F.3d 31 (1st Cir. 2000), which was cited with approval by the Eleventh Circuit in Waldron.

I find the cases are distinguishable. First, Stevens was decided prior to Telfair and did not focus on the revesting of property at confirmation. Stevens stated that the provisions of the plan control and limit the creditor to its bifurcated secured claim amount established at confirmation. The dispute was between the secured creditor and the Trustee. Similarly, In re Jones involved a bifurcated claim and did not consider the implications of Telfair

7

%AO 72A
(Rev. 8/82)

or a situation where the secured party's claim has been paid in full. In the current plan, property of the estate revested into Debtor at confirmation, the secured creditor's claim has been paid in full. Contrarily, <u>Waldron</u> dealt with entirely new post-confirmation assets, not substitute collateral. Finally, since the insurance proceeds in the current case do not exceed the confirmed value of the Truck, <u>Barbosa</u>'s holding that equity becomes property of the estate also is distinguishable.

Under Debtor's confirmed plan the Truck, valued at $12,000.00, revested in Debtor. Since the proceeds do not exceed Debtor's $12,000.00 valuation of the Truck, Debtor is entitled to the turnover. <u>Ford Motor Credit Co. v. Feher (In re Feher)</u>, 202 B.R. 966, 970 (Bankr. S.D. Ill. 1996)(insurance proceeds are property of the bankruptcy estate; however, at confirmation the vehicle revested in the debtor and therefore the proceeds in excess of the debt belonged to the debtor); <u>see also</u> <u>In re Suter</u>, 181 B.R. 116, 120 (Bankr. N.D. Ala. 1994)("from a secured creditor's perspective, property insurance is a substitute for the collateral insured").

For the foregoing reasons, Debtor's Motion for Turnover is ORDERED GRANTED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this ___15th___ day of March 2013.

AO 72A
(Rev. 8/82)

8